

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00333-CR

Mario Ismael **GUTIERREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR4433
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  April 13, 2016

AFFIRMED

Appellant was indicted and charged under two counts: possession of a controlled substance with intent to deliver and possession of a controlled substance. A jury found appellant guilty on the second count of possession of a controlled substance. Based upon two prior felony convictions, appellant's sentence range was increased to not less than twenty-five years and not more than ninety-nine years or life in prison. The trial court assessed punishment at twenty-eight years' confinement. We affirm.

Appellant's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable issues and concludes this appeal is without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel provided proof appellant was given a copy of the brief, the appellate record, and was informed of his right to file his own brief. Appellant filed a brief on his own behalf in which he alleges: (1) he received ineffective assistance of counsel at trial; (2) the charging instrument included possession as an element of both offenses and, therefore, the trial court "abused its discretion by obscuring the exact charge [and] duplicitly [sic] violated appellant's constitutional right to fair notice [of] a specific count the State would rely upon to convict" and "the State abused its discretion by instructing the jury improperly expanding the scope of both counts"; (3) the trial court failed to give a Texas Code of Criminal Procedure article 38.23 instruction based upon alleged factual disputes in the evidence; and (4) his right against double jeopardy was violated because he was convicted of the second offense (possession) after being acquitted on the first offense (possession with intent to deliver). The State filed a brief responding to the arguments appellant raised in his *pro se* brief.

When an *Anders* brief and a subsequent *pro se* brief are filed, we must review the entire record and determine (1) the appeal is without merit and issue an opinion explaining there is no reversible error, or (2) there are arguable grounds for appeal and issue an opinion remanding the cause to the trial court for appointment of new appellate counsel. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (holding court of appeals may address merits of issues raised by *pro se* only after any arguable grounds have been briefed by new appointed counsel)).

We have carefully reviewed the record, counsel's brief, and appellant's *pro se* brief. We find no reversible error and agree with counsel the appeal is without merit. *See id.* We therefore grant the motion to withdraw filed by appellant's appointed counsel and affirm the trial court's judgment. *See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should appellant wish to seek further review of this case in the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either the day our judgment is rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Sandee Bryan Marion, Chief Justice

Do not publish